# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY FARIS and KRYSTAL FARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> ENERGY ONE SOLAR and GREENSKY, LLC. <br><br> Defendants. | Cause No. 4:19CV2361 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (ECF No. 10). The matter is fully briefed and ready for disposition.

## BACKGROUND

On February 13, 2018, Plaintiff brought a suit against Defendants Energy One Solar and Greensky, LLC for fraudulent misrepresentations arising out of an installment contract in the Circuit Court of Washington County Missouri. (18WA-CC00065). On May 30, 2019, Defendant Energy One Solar filed Suggestions of Bankruptcy under Chapter 7, Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. *Id.* On June 11, 2019, Plaintiffs filed a motion to Dismiss Defendant Energy One Solar from the State Court Proceeding. *Id.* Defendant Greensky argues that this Motion to Dismiss was improper because an automatic stay should have been put in place when Defendant Energy One Solar filed its Suggestions of Bankruptcy. (ECF No. 12 at 2). The state court has not ruled on the Motion to Dismiss. *Id.*

1

On August 16, 2019, Defendant Greensky removed this case asserting that this Court has jurisdiction of the case pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) and the Federal Rule of Bankruptcy Procedure 9027(a). (ECF No. 1). On September 3, 2019, Plaintiffs filed a Motion to Remand disputing the Court's jurisdiction. (ECF Nos. 10, 11).

## **DISCUSSION**

"'It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party.'" *Riffert v. Walgreen Co.*, 4:07CV1912 JCH 2008 WL 495643, at *1 (E.D. Mo. Feb. 20, 2008) (quoting *Rolwing v. NRM Corp.*, 1:05CV81 FRB 2005 WL 1828813, at *2 (E.D. Mo. Aug. 2, 2005)). Under 28 U.S.C. § 1452 "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §1452(a). Section 1334 confers "original but not exclusive jurisdiction to all civil proceedings arising under title 11 or arising in or related to cases under title 11." §1334(b)

The Eighth Circuit has formulated a test to determine whether a claim is related to a bankruptcy estate:

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy … An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, opinions or freedom of action … and which in any way impacts upon handling and administration of the bankrupt estate.

*Law v. Mallinckrodt, Inc.*, No. 4:05CV876 CDP 2005 WL 1926564 at *2 (E.D. Mo. Aug. 11, 2005)(*quoting In re Dogpatch Properties U.S.A.*, 810 F.2d 782, 786 (8th Cir. 1985)).

On their Motion for Remand, Plaintiffs argue that Defendant Greensky failed timely to file its Notice of Removal because it filed 81 days after the Suggestions of Bankruptcy was filed. (ECF No. 11). Plaintiffs also contend that upon the filing of their Motion to Dismiss Defendant Energy One Solar, Defendant Energy One Solar was dismissed and therefore the cases cannot be related. *Id.* Defendant Greensky argues that due to the automatic stay that ought to have been in effect based on the Bankruptcy case, Defendants were unable to dismiss Defendant Energy One Solar. Before addressing Plaintiffs' Motion for Remand, the Court will first address whether the basis for removal by Defendant Greensky was proper.

## I. Automatic Stay

Under Title 11 of the United States Code, an automatic stay commences when the bankruptcy petition is filed and remains in effect until property is no longer property of the estate, the stay is lifted, or until the bankruptcy case is either closed or dismissed. 11 U.S. C. § 362. The automatic stay applies to "the commencement or continuation … of a judicial … proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(1). Plaintiffs' case against Defendant Energy One Solar ought to have been stayed, and no further action taken. The bankruptcy case remains open and no party in this case has requested a lift of the stay. Further, the State Court had not made any determination on the pending Motion to Dismiss against Defendant Energy Solar prior to removal and this Court declines to do so at this juncture. Therefore, the Court will determine whether Plaintiffs' cause of action, as a whole, bears any relation to Defendant Energy One Solar's case under Title 11.

## II. Relatedness of the Case

The Eighth Circuit has determined that a case is related if "that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Mallinckrodt*, No. 4:05CV876 CDP 2005 WL 1926564 at *2. This case arises from events regarding an installment contract that the Plaintiffs had with Defendants in this case. Defendant Greensky alleges that the claims against them may be derivative of those brought against Defendant Energy One Solar and alleges that it might seek indemnification from Defendant Energy One Solar. It is clear that the determination in this case could conceivably have an effect on the bankruptcy estate.

While the Eighth Circuit relatedness test is broad it is limited by 28 U.S.C. §1334(c)(2). Under 28 U.S.C. § 1334(c)(2) this Court must abstain from hearing the case if the following two conditions are met:

> (1) The action could not have been heard in federal court but for the fact that it was related to a Title 11 case; and (2) an action is commenced and can be timely adjudicated in a state court of competent jurisdiction.

*See,Mallinckrodt*, No. 4:05CV876 CDP 2005 WL 1926564 at *3 (citing *Official Plan Comm. Of Omniplex Communications Group, LLC v. Lucent Techs., Inc.*, 344 F. Supp. 2d 1194, 1198 (E.D. Mo. 2004).

The first condition is met. This case is based on state law claims for fraudulent misrepresentation. Although the Parties are diverse and federal diversity jurisdiction may have been applicable in this case under 28 U.S.C. §1332, the Defendants did not seek to remove the case on that basis and the time for removal based on diversity jurisdiction has passed. At this

juncture Defendants only basis for federal jurisdiction is the relatedness of this case to a Title 11 suit. The second condition for abstention is also met. This case proceeded in state court for over a year before Defendant Greensky sought to remove it. No facts have been raised to suggest that the state court is not an adequate forum in this case. The state court has already held hearings and allowed discovery to proceed. The timeliest resolution of this case would therefore be in state court. Both abstention factors have been met and this Court is required to abstain from adjudicating this case pursuant to 28 U.S.C. §1334(c)(2). Because Defendant Greensky has failed properly to establish that removal was proper in this case, the Court will not address Plaintiff's additional arguments on remand.

## **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (ECF No. 10) is GRANTED and the case is hereby REMANDED to the Circuit Court of Washington Country Missouri.

Dated this 11th day of October, 2019.

/s/ Jean C. Hamilton<br>
JEAN C. HAMILTON<br>
UNITED STATES DISTRICT COURT JUDGE